UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    vs.<br><br>ROBERT RUTHERFORD,<br><br>                Defendant. | No. CR-94-0427-JLQ<br><br>MEMORANDUM OPINION and ORDER DENYING MOTION TO REDUCE SENTENCE |

      Before the court is the Defendant's Motion To Modify and Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(2) filed on May 12, 2010 as Clerk's Record 2180. The Defendant seeks a two level reduction in his sentencing Offense Level pursuant to Amendment 706 to the United States Sentencing Guidelines and a reduction of his sentence. The Defendant contends that his sentence imposed by the undersigned in 1999 was based upon a sentencing Offense Level computed on his possession of crack cocaine. However, the record and this court's recollection reflects that the Defendant's sentence was based upon the court having set an Offense Level based upon the Defendant being a Career Offender.

      Attached to Mr. Rutherford's Motion are various Certificates of his completion of Bureau of Prisons courses. Mr. Rutherford, who has been in custody since 1994 on the charges in the pending matter, is to be commended on his obvious preparation to lead a productive and law abiding life upon his release from custody. If this court had jurisdiction to reduce Mr. Rutherford's 262 month sentence based upon the personal progress he has made while in custody it would give serious consideration to doing so. However, the court concludes that the rule of law prohibits it from reducing Mr. Rutherford's sentence, the sentence having been imposed following the court's

sentencing finding that Mr. Rutherford was a Career Offender. The court assumes that Mr. Rutherford has earned and is earning full credit for his "good time" in custody.

The background of this case is set forth in the numerous Opinions and Orders entered in this matter in the past 14 years. This case, involving a number of Defendants, was assigned to the undersigned in 1996 and five of the Defendants, including Mr. Rutherford, were tried to a jury from August 27, 1996 to December 13, 1996. Mr. Rutherford was found guilty of possession of cocaine with intent to distribute it. Following numerous post-trial motions and the grant of a new trial appeal, Mr. Rutherford was sentenced on February 16, 1999 (signed on February 24, 1999) to a term of 262 months in custody followed by a Supervised Release term of 120 months.

As the Presentence Report reflects at ¶ 33, by reason of Mr. Rutherford's prior convictions of a felony controlled substance offense and an additional felony crime of violence, Mr. Rutherford was determined by this court to be a Career Offender resulting in a Guidelines Offense Level of 37. Mr. Rutherford's prior criminal history and Career Offender status placed him in Criminal History Category VI with a resultant Sentencing Guidelines range of 360 months to life. In 1999, the Sentencing Guidelines were mandatory. However, as reflected in the transcript of the sentencing hearing and this court's written Sentencing Findings of Fact and Conclusions of Law dated February 26, 1999 (Clerk's Record 1737), the court made a determination that utilizing a Career Offender Offense Level of 37 over-represented Rutherford's true criminal history and the court reduced the Offense Level to an Offense Level of 34, resulting in a Sentencing Guidelines range of 262 to 327 months. The reduced Career Offender Offense Level of 34 was still above the possession with intent to distribute cocaine Offense Level of 32, confirming that the court's sentence was based on the Career Offender Offense Level, even though reduced by the court based upon over-representation. That the Defendant's sentence was imposed under a Career Offender finding is also confirmed by this court's Order Denying Petition For Writ of Habeas

Corpus dated February 10, 2006, filed February 17, 2006, where at page 12 the court referred to the Defendant being sentenced as a Career Offender. This court's independent recollection of the sentencing proceedings confirms the foregoing. documentation.

On June 15, 2010 this court directed the Government to respond to the Defendant's Motion. However, it appears that the Defendant's Motion was also referred to Judge William H. Alsup who on June 14, 2010 entered an Order denying Mr. Rutherford's motion for reduction of his sentence. The Defendant has sought to have Judge Alsup's ruling set aside since the sentence in this matter was imposed by the undersigned following a jury trial and verdict also presided over by the undersigned. It is not necessary to have Judge Alsup rule upon the motion to vacate his Order since Judge Alsup's ruling is the same as the undersigned's herein.

The rule of law is clear that Amendment 706 only applies to a Defendant who has been sentenced based upon a crack cocaine Offense Level computed pursuant to the Drug Table in § 2D1.1 of the Sentencing Guidelines. Amendment 706 does not apply to a Defendant such as Mr. Rutherford who has been sentenced based upon a Career Offender finding pursuant to § 4B1.1 of the Sentencing Guidelines. *United States v. Wesson*, 583 F. 3d 728 (9th Cir. 2009).

By reason of the foregoing, IT IS HEREBY ORDERED that the Defendant's Motion For Reduction of Sentence must be and is hereby DENIED. All other pending motions in this matter are also DENIED as moot.

The Clerk shall enter this Order and furnish copies to counsel and Mr. Rutherford.

Dated this 22nd day of September, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE